GRIMM, VRANJES, McCORMICK & GRAHAM LLP
A. Carl Yaeckel, Esq. (SBN #89920)
cyaeckel@gvmglaw.com
550 West C Street, Suite 1100
Post Office Box 129012
San Diego, CA  92112-9012
TEL:  (619) 231-8802
FAX: (619) 233-6039

Attorneys for Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST NHD DEVELOPMENT, INC., a California corporation; MENLO PARK ESTATES, a California Limited Partnership; MENLO PARK ESTATES MARKETING, LLC, a California limited liability company; HSIEH T. HAO, an individual; GRACE KIM, an individual; KENNETH KIM, an individual; MING C. HAO, an individual; SHIAO MEI NAN, an individual; and DOES 1 through 10,<br><br>Defendants. | CASE NO: CV 08 1448<br><br>COMPLAINT FOR DECLARATORY RELIEF<br><br>[F.R.C.P. Rule 57; 28 U.S.C. § 2201; 28 U.S.C. §1332] |

Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY (hereinafter "NAS/NAC") allege as follows:

**JURISDICTION**

1.  Plaintiff NORTH AMERICAN SPECIALTY INSURANCE COMPANY is a corporation incorporated under the laws of the State of New Hampshire, having its principal place

1

COMPLAINT FOR DECLARATORY RELIEF

of business in the State of New Hampshire, and was at all times herein mentioned, duly qualified to do business and was doing business in the State of California, County of San Mateo, as an insurance company.

2. Plaintiff NORTH AMERICAN CAPACITY INSURANCE COMPANY is a corporation incorporated under the laws of the State of New Hampshire, having its principal place of business in the State of New Hampshire, and was at all times herein mentioned, duly qualified to do business and was doing business in the State of California, County of San Mateo, as an insurance company.

3. Plaintiffs are informed and believe and thereon allege that Defendant FIRST NHD DEVELOPMENT, INC. is, and was at all times relevant to this action, a corporation incorporated under the laws of the State of California, having its principle place of business in Los Altos, California, and was at all times herein mentioned duly qualified to do business and was doing business in the State of California, County of San Mateo.

4. Plaintiffs are informed and believe and thereon allege that Defendant MENLO PARK ESTATES MARKETING, LLC, a California limited liability company, is and was at all times relevant to this action, a corporation incorporated under the laws of the State of California, having its principle place of business in Los Altos, California, and was at all times herein mentioned duly qualified to do business and was doing business in the State of California, County of San Mateo.

5. Plaintiffs are informed and believe and thereon allege that Defendant MENLO PARK ESTATES, a California Limited Partnership, is and was at all times relevant to this action, a corporation incorporated under the laws of the State of California, having its principle place of business in Los Altos, California, and was at all times herein mentioned duly qualified to do business and was doing business in the State of California, County of San Mateo.

6. Plaintiffs are informed and believe and thereon allege that Defendant HSIEH T. HAO, an individual, is, and was at all times relevant to this action, an individual domiciled in the State of California. Plaintiffs allege on information and belief that HSIEH T. HAO is an employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

7. Plaintiffs are informed and believe and thereon allege that Defendant SHIAO MEI NAN, an individual, is, and was at all times relevant to this action, an individual domiciled in the State of California. Plaintiffs allege on information and belief that SHIAO MEI NAN is an employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

8. Plaintiffs are informed and believe and thereon allege that Defendant MING C. HAO, an individual, is, and was at all times relevant to this action, an individual domiciled in the State of California. Plaintiffs allege on information and belief that MING C. HAO is an employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

9. Plaintiffs are informed and believe and thereon allege that Defendant GRACE KIM, an individual, is, and was at all times relevant to this action, an individual domiciled in the State of California, County of San Mateo. Plaintiffs allege on information and belief that GRACE KIM is an employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

10. Plaintiffs are informed and believe and thereon allege that Defendant KENNETH KIM, an individual, is, and was at all times relevant to this action, an individual domiciled in the State of California, County of San Mateo. Plaintiffs allege on information and belief that KENNETH KIM is an employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

11. NAS/NAC is unaware of the true names and capacities of defendants sued herein as DOES 1 through 10 inclusive, whether individual, corporate, associate, or otherwise, and therefore sue defendants by fictitious names. NAS/NAC will amend this Complaint to allege their true names and capacities when ascertained. Based upon information and belief, Plaintiffs thereon allege that DOES 1 through 10 inclusive, are either individuals domiciled in the State of California, or are corporations, limited liability companies or entities organized and/or incorporated under the laws of the State of California and have their principle place of business in the State of California.

12.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 USC §1332, because the parties are citizens of different states, and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

13.     Venue is proper in the Northern District pursuant to 28 USC §1391(a)(2) because NAS/NAC is informed and believes that this is the district where a substantial part of the events upon which the claims are based occurred. NAS/NAC is also informed and believes that defendants herein are subject to personal jurisdiction in this district at the time the action is commenced and there is no other district in which this action may be brought.

## THE INSURANCE POLICIES

14.     NORTH AMERICAN SPECIALTY INSURANCE COMPANY issued Policy No. BXC0000957-00, for the policy period of July 14, 2001 to July 14, 2002, to named insureds FIRST NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES MARKETING, LLC (hereinafter the "2001 POLICY").

15.     NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES MARKETING, LLC under Policy No. BXG0002453-01, for the policy period of July 14, 2002 to July 14, 2003 (hereinafter the "2002 POLICY").

16.     NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES MARKETING, LLC under Policy No. BXG0002453-02, for the policy period of July 14, 2003 to July 14, 2004 (hereinafter the "2003 POLICY").

17.     NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES MARKETING, LLC under Policy No. BXG0002453-03, for the policy period of July 14, 2004 to July 14, 2005 (hereinafter the "2004 POLICY").

/ / /

/ / /

## GENERAL ALLEGATIONS

18. KENNETH and GRACE KIM brought an action in the Superior Court of the State of California, County of San Mateo, Case No. CIV456029, naming as defendants each and every one of the defendants herein (the "Underlying Action").

19. The Underlying Action arose out of the construction by defendants of the Kim's residence at 5 Zachary Court, Menlo Park, California, a custom home.

20. The Underlying Action seeks damages in connection with the construction of the home and alleged construction defects. The action in the San Mateo Superior Court was filed on or about July 3, 2006. Since that time, it has been stipulated by the parties herein to arbitrate their claims and the Superior Court action has been stayed pending resolution of arbitration. The plaintiffs' claims have not been submitted to arbitration.

21. Defendants herein tendered their defense and indemnification in the Underlying Action to NAS/NAC and, on or about September 20, 2006, NAS/NAC accepted that tender pursuant to a reservation of rights letter of that date. NAS/NAC continues to defend the Underlying Action.

## FIRST CAUSE OF ACTION

### (Declaratory Relief - 2001 Policy, 2002 Policy, 2003 Policy - Duty to Defend)

22. Plaintiffs NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 21, as if fully set forth herein.

23. Plaintiff NAS/NAC contends that it has no duty to defend any person or entity in the Underlying Action because of the application of the "Limited Subsidence Exclusion" contained in the 2001, 2002 and 2003 policies (form NAS-LSE-001 (07/00)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soils movement," if such "land or soil movement" directly or indirectly emanates from, arises out of, is attributable to, any operations by or performed on behalf of the insured prior to the inception date of this policy . . .". The Kim residence was completed on or about August 25, 1999, and therefore, the endorsement acts to preclude any potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

24. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policies.

25. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein with regard to the 2001, 2002 and 2003 policies.

## SECOND CAUSE OF ACTION

**(Declaratory Relief - 2001 Policy, 2002 Policy, 2003 Policy - Duty to Indemnify)**

26. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 25, as if fully set forth herein.

27. Plaintiff NAS/NAC contends that it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Limited Subsidence Exclusion" contained in the 2001, 2002 and 2003 policies (form NAS-LSE-001 (07/00)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soils movement," if such "land or soil movement" directly or indirectly emanates from, arises out of, is attributable to, any operations by or performed on behalf of the insured prior to the inception date of this policy . . .". The Kim residence was completed on or about August 25, 1999, and therefore, the endorsement acts to preclude any potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

28. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policies.

29. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein with regard to the 2001, 2002 and 2003 policies.

## THIRD CAUSE OF ACTION

### (Declaratory Relief - 2004 Policy - Duty to Defend)

30. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 29, as if fully set forth herein.

31. Plaintiff NAS/NAC contends that it has no duty to defend any person or entity in the Underlying Action because of the application of the "Land or Soil Movement Exclusion" contained in the 2004 policy (form NAC-LSE-001 (02/02)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soil movement." Such claim or "suit" for loss is excluded regardless of any other cause or event contributing concurrently or in any sequence or manner to the loss . . ." The endorsement acts to preclude any potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

32. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

33. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief - 2004 Policy - Duty to Indemnify)

34. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 33, as if fully set forth herein.

35. Plaintiff NAS/NAC contends that it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Land or Soil Movement Exclusion" contained in the 2004 policy (form NAC-LSE-001 (02/02)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soil

movement." Such claim or "suit" for loss is excluded regardless of any other cause or event contributing concurrently or in any sequence or manner to the loss . . ." The endorsement acts to preclude any potential for coverage for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

36. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

37. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief - 2001 Policy - Known Injury or Damage Endorsement - Duty to Defend)

38. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 37, as if fully set forth herein.

39. Plaintiff NAS/NAC contends it has no duty to defend defendants herein in the Underlying Action because of the application of the "Known Injury or Damage" endorsement (form CG 00 57 (09/99)) in the 2001 policy. It provides that coverage is afforded under the policy only if no insured or employee of the insured did not know of the claimed damages prior to the inception of the policy. In the Underlying Action, the damages were known to the insured and/or its employees prior to inception of the policy.

40. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

///
///

8

41. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Known Injury or Damage endorsement.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief - 2001 Policy - Known Injury or Damage Endorsement - Duty to Indemnify)

42. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 41, as if fully set forth herein.

43. Plaintiff NAS/NAC contends it has no duty to indemnify defendants herein in the Underlying Action because of the application of the "Known Injury or Damage" endorsement" (form CG 00 57 (09/99)) in the 2001 policy. It provides that coverage is afforded under the policy only if no insured or employee of the insured did not know of the claimed damages prior to the inception of the policy. In the Underlying Action, the damages were known to the insured and/or its employees prior to inception of the policy.

44. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

45. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Known Injury or Damage endorsement.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief - 2002, 2003 and 2004 Policies - Duty to Defend - Prior Damage or Injury)

46. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 45, as if fully set forth herein.

47. Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Prior Damage or Injury" endorsement

9

contained in the 2002, 2003 and 2004 policies (NAS-KLE-001 (02/02)). This endorsement provides that damages are covered only if they first take place during the policy period. Damage is deemed to first take place at the earliest when: any damage first becomes known to anyone, when it is alleged any such damage first manifests, when the insured receives notice of a claim for said damages, the insured and its employees, agents, and representatives knew or should have known the damage had occurred, or when the damage began. In the Underlying Action, damages occurred and/or were known, and/or were manifest, and/or were claimed prior to inception of the policy.

48. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

49. NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Prior Damage or Injury endorsement.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief - 2002, 2003 and 2004 Policies - Duty to Indemnify - Prior Damage or Injury)

50. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 49, as if fully set forth herein.

51. Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Prior Damage or Injury" endorsement contained in the 2002, 2003 and 2004 policies (NAS-KLE-001 (02/02)). This endorsement provides that damages are covered only if they first take place during the policy period. Damage is deemed to first take place at the earliest when: any damage first becomes known to anyone, when it is alleged any such damage first manifests, when the insured receives notice of a claim for said damages, when the insured and its employees, agents, and representatives knew or should have known the damage had occurred, or when the damage began. In the Underlying Action, damages occurred and/or were known, and/or were manifest, and/or were claimed prior to inception of the policy.

52. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

53. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Prior Damage or Injury endorsement.

## NINTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy Duty to Defend - Prior Completed Operations Exclusion)

54. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 53, as if fully set forth herein.

55. Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Prior Completed Operations Exclusion" (form NAS-PCO-001 (11/00) contained in the 2003 policy which provides the insurance does not apply to "property damage" arising out of "your work" performed by you or on your behalf if "your work," other than service, maintenance, correction, repair or replacement of any part of any structure, was completed prior to the policy period." The Kim residence was completed in 1999. Therefore, there is no coverage under the 2003 policy.

56. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

57. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of this endorsement.

/ / /

/ / /

/ / /

11

COMPLAINT FOR DECLARATORY RELIEF

## TENTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy Duty to Indemnify -

### Prior Completed Operations Exclusion)

58.     Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 57, as if fully set forth herein.

59.     Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Prior Completed Operations Exclusion" (form NAS-PCO-001 (11/00) contained in the 2003 policy which provides the insurance does not apply to "property damage" arising out of "your work" performed by you or on your behalf if "your work," other than service, maintenance, correction, repair or replacement of any part of any structure, was completed prior to the policy period." The Kim residence was completed in 1999. Therefore, there is no coverage under the 2003 policy.

60.     NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

61.     NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of this endorsement.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy - Duty to Defend -

### Self-Insured Retention)

62.     Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 61, as if fully set forth herein.

63.     Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2003 policy (NAC-SIR-CLM (08/02)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

64. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

65. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

## TWELFTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy - Duty to Indemnify - Self-Insured Retention)

66. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 65, as if fully set forth herein.

67. Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2003 policy (NAC-SIR-CLM (08/02)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

68. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

69. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

## THIRTEENTH CAUSE OF ACTION

### (Declaratory Relief - 2004 Policy - Duty to Defend - Self-Insured Retention)

70. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 69, as if fully set forth herein.

///

COMPLAINT FOR DECLARATORY RELIEF

71. Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2004 policy (NAC-SIR-CLM (04/04)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

72. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

73. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief - 2004 Policy - Duty to Indemnify - Self-Insured Retention)

74. Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 73, as if fully set forth herein.

75. Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2004 policy (NAC-SIR-CLM (04/04)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

76. NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

77. NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

///

WHEREFORE, NAS/NAC prays for judgment against defendants, and each of them, as follows:

1. For declarations as requested in each Cause of Action.

2. For costs of suit incurred herein.

3. And for such other and further relief as the Court deems just and proper.

Dated: 3/12/08

GRIMM, VRANJES, McCORMICK & GRAHAM, LLP

By: _____
A. Carl Yaeckel
Attorney for Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY

S:\Cases\2165004\pld\Complaint for Declaratory Relief 01.wpd

COMPLAINT FOR DECLARATORY RELIEF

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

North American Specialty Insurance Company **E-filing**   **SUMMONS IN A CIVIL CASE**
and North American Capacity Insurance
Company

CASE NUMBER:

V.

First NHD Development, Inc.; Menlo Park Estates
Marketing, LLC; Menlo Park Estates; Hsieh T.
Hao; Shiao Mei Nan; Ming C. Hao

CV 08 1448

TO: (Name and address of defendant)

SEE ABOVE NAMED DEFENDANTS EMC

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

A. Carl Yaeckel, Esq. (#89920)
Grimm Vranjes McCormick & Graham LLP
550 West C Street, Suite 1100
San Diego, CA 92101
Tel: (619) 231-8802
Fax: (619) 233-6039
cyaeckel@gvmglaw.com

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

MAR 1 4 2008
DATE

MARY ANN BUCKLEY
(BY) DEPUTY CLERK