1  **GRIMM, VRANJES, McCORMICK & GRAHAM LLP**
   A. Carl Yaeckel, Esq. (SBN #89920)
2  cyaeckel@gvmglaw.com
   550 West C Street, Suite 1100
3  Post Office Box 129012
   San Diego, CA 92112-9012
4  TEL: (619) 231-8802
   FAX: (619) 233-6039
5

6  Attorneys for Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and
   NORTH AMERICAN CAPACITY INSURANCE COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

11

12  NORTH AMERICAN SPECIALTY )  **CASE NO: 3:08-cv-01448-EMC**
    INSURANCE COMPANY and NORTH )  **MAGISTRATE JUDGE EDWARD M. CHEN**
13  AMERICAN CAPACITY INSURANCE )
    COMPANY, )
14                                          )  **FIRST AMENDED COMPLAINT FOR**
                   Plaintiffs, )  **DECLARATORY RELIEF**
15                                          )
    v. )  **[F.R.C.P. Rule 57; 28 U.S.C. § 2201;**
16                                          )  **28 U.S.C. §1332]**
    FIRST NHD DEVELOPMENT, INC., a )
17  California corporation; MENLO PARK )
    ESTATES, a California Limited Partnership; )
18  MENLO PARK ESTATES MARKETING, )
    LLC, a California limited liability company; )
19  HSIEH T. HAO, an individual; GRACE )
    KIM, an individual; KENNETH KIM, an )
20  individual; MING C. HAO, an individual; )
    SHIAO MEI NAN, an individual; and DOES )
21  1 through 10, )
                                            )
22                 Defendants. )
                                            )
23

24      Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH

25  AMERICAN CAPACITY INSURANCE COMPANY (hereinafter "NAS/NAC") allege as follows:

26                   **JURISDICTION**

27      1.    Plaintiff NORTH AMERICAN SPECIALTY INSURANCE COMPANY is a

28  corporation incorporated under the laws of the State of New Hampshire, having its principal place

                        1

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF          3:08-cv-01448-EMC

1   of business in the State of New Hampshire, and was at all times herein mentioned, duly qualified to

2   do business and was doing business in the State of California, County of San Mateo, as an insurance

3   company.

4          2.      Plaintiff NORTH AMERICAN CAPACITY INSURANCE COMPANY is a

5   corporation incorporated under the laws of the State of New Hampshire, having its principal place

6   of business in the State of New Hampshire, and was at all times herein mentioned, duly qualified to

7   do business and was doing business in the State of California, County of San Mateo, as an insurance

8   company.

9          3.      Plaintiffs are informed and believe and thereon allege that Defendant FIRST NHD

10  DEVELOPMENT, INC. is, and was at all times relevant to this action, a corporation incorporated

11  under the laws of the State of California, having its principle place of business in Los  Altos,

12  California, and was at all times herein mentioned duly qualified to do business and was doing

13  business in the State of California, County of San Mateo.

14         4.      Plaintiffs are informed and believe and thereon allege that Defendant MENLO PARK

15  ESTATES MARKETING, LLC, a California limited liability company, is and was at all times

16  relevant to this action, a corporation incorporated under the laws of the State of California, having

17  its principle place of business in Los Altos, California, and was at all times herein mentioned duly

18  qualified to do business and was doing business in the State of California, County of San Mateo.

19         5.      Plaintiffs are informed and believe and thereon allege that Defendant MENLO PARK

20  ESTATES, a California Limited Partnership, is and was at all times relevant to this action, a

21  corporation incorporated under the laws of the State of California, having its principle place of

22  business in Los Altos, California, and was at all times herein mentioned duly qualified to do business

23  and was doing business in the State of California, County of San Mateo.

24         6.      Plaintiffs are informed and believe and thereon allege that Defendant HSIEH T. HAO,

25  an individual, is, and was at all times relevant to this action, an individual domiciled in the State of

26  California.  Plaintiffs allege on information and belief that HSIEH T. HAO is an employee, officer,

27  and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES

28  MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

2

1    7.    Plaintiffs are informed and believe and thereon allege that Defendant SHIAO MEI

2  NAN, an individual, is, and was at all times relevant to this action, an individual domiciled in the

3  State of California.  Plaintiffs allege on information and belief that SHIAO MEI NAN is an

4  employee, officer, and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK

5  ESTATES MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

6    8.    Plaintiffs are informed and believe and thereon allege that Defendant MING C. HAO,

7  an individual, is, and was at all times relevant to this action, an individual domiciled in the State of

8  California. Plaintiffs allege on information and belief that MING C. HAO is an employee, officer,

9  and/or agent of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES

10  MARKETING, LLC and/or FIRST NHD DEVELOPMENT, INC.

11    9.    Plaintiffs are informed and believe and thereon allege that Defendant GRACE KIM,

12  an individual, is, and was at all times relevant to this action, an individual domiciled in the State of

13  California, County of San Mateo.  Plaintiffs allege on information and belief that GRACE KIM is

14  the owner of real property which is the subject of a construction defect lawsuit brought in the

15  Superior Court of the State of California, County of San Mateo, Case No. CIV456029 ("Underlying

16  Action").  Plaintiffs also allege on information and belief that GRACE KIM is a plaintiff in the

17  Underlying Action

18    10.    Plaintiffs are informed and believe and thereon allege that Defendant KENNETH

19  KIM, an individual, is, and was at all times relevant to this action, an individual domiciled in the

20  State of California, County of San Mateo.  Plaintiffs allege on information and belief that

21  KENNETH KIM is the owner of real property which is the subject of the Underlying Action.

22  Plaintiffs also allege on information and belief that KENNETH KIM is a plaintiff in the Underlying

23  Action.

24    11.    NAS/NAC is unaware of the true names and capacities of defendants sued herein as

25  DOES 1 through 10 inclusive, whether individual, corporate, associate, or otherwise, and therefore

26  sue defendants by fictitious names.  NAS/NAC will amend this Complaint to allege their true names

27  and capacities when ascertained.  Based upon information and belief, Plaintiffs thereon allege that

28  DOES 1 through 10 inclusive, are either individuals domiciled in the State of California, or are

3

1 | corporations, limited liability companies or entities organized and/or incorporated under the laws of

2 | the State of California and have their principle place of business in the State of California.

3 |      12.    This Court has original jurisdiction over the subject matter of this action pursuant to

4 | 28 USC §1332, because the parties are citizens of different states, and because the matter in

5 | controversy exceeds the sum of $75,000, exclusive of interest and costs.

6 | **VENUE**

7 |      13.    Venue is proper in the Northern District pursuant to 28 USC §1391(a)(2) because

8 | NAS/NAC is informed and believes that this is the district where a substantial part of the events

9 | upon which the claims are based occurred. NAS/NAC is also informed and believes that defendants

10 | herein are subject to personal jurisdiction in this district at the time the action is commenced and

11 | there is no other district in which this action may be brought.

12 | **THE INSURANCE POLICIES**

13 |      14.    NORTH AMERICAN SPECIALTY INSURANCE COMPANY issued Policy No.

14 | BXC0000957-00, for the policy period of July 14, 2001 to July 14, 2002, to named insureds FIRST

15 | NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

16 | MARKETING, LLC (hereinafter the "2001 POLICY").

17 |      15.    NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD

18 | DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

19 | MARKETING, LLC under Policy No. BXG0002453-01, for the policy period of July 14, 2002 to

20 | July 14, 2003 (hereinafter the "2002 POLICY").

21 |      16.    NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD

22 | DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

23 | MARKETING, LLC under Policy No. BXG0002453-02, for the policy period of July 14, 2003 to

24 | July 14, 2004 (hereinafter the "2003 POLICY").

25 |      17.    NORTH AMERICAN CAPACITY INSURANCE COMPANY insured FIRST NHD

26 | DEVELOPMENT, INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

27 | MARKETING, LLC under Policy No. BXG0002453-03, for the policy period of July 14, 2004 to

28 | July 14, 2005 (hereinafter the "2004 POLICY").

4

**GENERAL ALLEGATIONS**

18.    KENNETH and GRACE KIM brought an action in the Superior Court of the State of California, County of San Mateo, Case No. CIV456029, naming as defendants each and every one of the defendants herein (the "Underlying Action").

19.    The Underlying Action arose out of the construction by defendants of the Kim's residence at 5 Zachary Court, Menlo Park, California, a custom home.

20.    The Underlying Action seeks damages in connection with the construction of the home and alleged construction defects. The action in the San Mateo Superior Court was filed on or about July 3, 2006. Since that time, it has been stipulated by the parties herein to arbitrate their claims and the Superior Court action has been stayed pending resolution of arbitration. The plaintiffs' claims have not been submitted to arbitration.

21.    Defendants herein tendered their defense and indemnification in the Underlying Action to NAS/NAC and, on or about September 20, 2006, NAS/NAC accepted that tender pursuant to a reservation of rights letter of that date. NAS/NAC continues to defend the Underlying Action.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief - 2001 Policy, 2002 Policy, 2003 Policy - Duty to Defend)**

22.    Plaintiffs NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 21, as if fully set forth herein.

23.    Plaintiff NAS/NAC contends that it has no duty to defend any person or entity in the Underlying Action because of the application of the "Limited Subsidence Exclusion" contained in the 2001, 2002 and 2003 policies (form NAS-LSE-001 (07/00)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soils movement," if such "land or soil movement" directly or indirectly emanates from, arises out of, is attributable to, any operations by or performed on behalf of the insured prior to the inception date of this policy . . .". The Kim residence was completed on or about August 25, 1999, and therefore, the endorsement acts to preclude any potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

5

24.    NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policies.

25.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein with regard to the 2001, 2002 and 2003 policies.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief - 2001 Policy, 2002 Policy, 2003 Policy - Duty to Indemnify)**

26.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 25, as if fully set forth herein.

27.    Plaintiff NAS/NAC contends that it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Limited Subsidence Exclusion" contained in the 2001, 2002 and 2003 policies (form NAS-LSE-001 (07/00)). The effect of the endorsement is that the insurance does not apply to property damage or other damages "caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soils movement," if such "land or soil movement" directly or indirectly emanates from, arises out of, is attributable to, any operations by or performed on behalf of the insured prior to the inception date of this policy . . .". The Kim residence was completed on or about August 25, 1999, and therefore, the endorsement acts to preclude any potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

28.    NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policies.

29.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the endorsement quoted herein with regard to the 2001, 2002 and 2003 policies.

6

1

**THIRD CAUSE OF ACTION**

2

**(Declaratory Relief - 2004 Policy - Duty to Defend)**

3      30.     Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

4    29, as if fully set forth herein.

5      31.     Plaintiff NAS/NAC contends that it has no duty to defend any person or entity in the

6    Underlying Action because of the application of the "Land or Soil Movement Exclusion" contained

7    in the 2004 policy (form NAC-LSE-001 (02/02)). The effect of the endorsement is that the insurance

8    does not apply to property damage or other damages "caused directly or indirectly, based on or

9    attributed to, arising out of, resulting from, or in any manner related to "land or soil movement."

10   Such claim or "suit" for loss is excluded regardless of any other cause or event contributing

11   concurrently or in any sequence or manner to the loss . . ." The endorsement acts to preclude any

12   potential for coverage, and any duty to defend or duty to indemnify in the Underlying Action.

13     32.     NAS/NAC is informed and believes that defendants herein are in disagreement with

14   the aforesaid contention and therefore an actual controversy has arisen and now exists between

15   NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this

16   time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

17     33.     NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

18   person or entity in the Underlying Action because of the application of the endorsement quoted

19   herein.

20

**FOURTH CAUSE OF ACTION**

21

**(Declaratory Relief - 2004 Policy - Duty to Indemnify)**

22     34.     Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

23   33, as if fully set forth herein.

24     35.     Plaintiff NAS/NAC contends that it has no duty to indemnify any person or entity in

25   the Underlying Action because of the application of the "Land or Soil Movement Exclusion"

26   contained in the 2004 policy (form NAC-LSE-001 (02/02)). The effect of the endorsement is that

27   the insurance does not apply to property damage or other damages "caused directly or indirectly,

28   based on or attributed to, arising out of, resulting from, or in any manner related to "land or soil

7

1  movement." Such claim or "suit" for loss is excluded regardless of any other cause or event

2  contributing concurrently or in any sequence or manner to the loss . . ." The endorsement acts to

3  preclude any potential for coverage for coverage, and any duty to defend or duty to indemnify in the

4  Underlying Action.

5      36.    NAS/NAC is informed and believes that defendants herein are in disagreement with

6  the aforesaid contention and therefore an actual controversy has arisen and now exists between

7  NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this

8  time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

9      37.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

10  person or entity in the Underlying Action because of the application of the endorsement quoted

11  herein.

12                          **FIFTH CAUSE OF ACTION**

13      **(Declaratory Relief - 2001 Policy - Known Injury or Damage Endorsement -**

14                              **Duty to Defend)**

15      38.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

16  37, as if fully set forth herein.

17      39.    Plaintiff NAS/NAC contends it has no duty to defend defendants herein in the

18  Underlying Action because of the application of the "Known Injury or Damage" endorsement (form

19  CG 00 57 (09/99)) in the 2001 policy. It provides that coverage is afforded under the policy only if

20  no insured or employee of the insured did not know of the claimed damages prior to the inception

21  of the policy. In the Underlying Action, the damages were known to the insured and/or its

22  employees prior to inception of the policy.

23      40.    NAS/NAC is informed and believes that defendants herein are in disagreement with

24  the aforesaid contention and therefore an actual controversy has arisen and now exists between

25  NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this

26  time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

27  / / /

28

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF                    3:08-cv-01448-EMC

1    41.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

2    person or entity in the Underlying Action because of the application of the Known Injury or Damage

3    endorsement.

4    **SIXTH CAUSE OF ACTION**

5    **(Declaratory Relief - 2001 Policy - Known Injury or Damage Endorsement -**

6    **Duty to Indemnify)**

7    42.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

8    41, as if fully set forth herein.

9    43.    Plaintiff NAS/NAC contends it has no duty to indemnify defendants herein in the

10   Underlying Action because of the application of the "Known Injury or Damage" endorsement" (form

11   CG 00 57 (09/99)) in the 2001 policy. It provides that coverage is afforded under the policy only if

12   no insured or employee of the insured did not know of the claimed damages prior to the inception

13   of the policy. In the Underlying Action, the damages were known to the insured and/or its

14   employees prior to inception of the policy.

15   44.    NAS/NAC is informed and believes that defendants herein are in disagreement with

16   the aforesaid contention and therefore an actual controversy has arisen and now exists between NAC

17   and defendants herein such that a judicial declaration is necessary and appropriate at this time so the

18   parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

19   45.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

20   person or entity in the Underlying Action because of the application of the Known Injury or Damage

21   endorsement.

22   **SEVENTH CAUSE OF ACTION**

23   **(Declaratory Relief - 2002, 2003 and 2004 Policies - Duty to Defend -**

24   **Prior Damage or Injury)**

25   46.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

26   45, as if fully set forth herein.

27   47.    Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the

28   Underlying Action because of the application of the "Prior Damage or Injury" endorsement

9

1  contained in the 2002, 2003 and 2004 policies (NAS-KLE-001 (02/02)). This endorsement provides
2  that damages are covered only if they first take place during the policy period. Damage is deemed
3  to first take place at the earliest when:  any damage first becomes known to anyone, when it is
4  alleged any such damage first manifests, when the insured receives notice of a claim for said
5  damages, the insured and its employees, agents, and representatives knew or should have known the
6  damage had occurred, or when the damage began.  In the Underlying Action, damages occurred
7  and/or were known, and/or were manifest, and/or were claimed prior to inception of the policy.

8      48.    NAS/NAC is informed and believes that defendants herein are in disagreement with
9  the aforesaid contention and therefore an actual controversy has arisen and now exists between
10  NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this
11  time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

12      49.    NAC seeks a declaration that it has no duty to defend and/or indemnify any person
13  or entity in the Underlying Action because of the application of the Prior Damage or Injury
14  endorsement.

15                           **EIGHTH CAUSE OF ACTION**

16          **(Declaratory Relief - 2002, 2003 and 2004 Policies - Duty to Indemnify -**

17                            **Prior Damage or Injury)**

18      50.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through
19  49, as if fully set forth herein.

20      51.    Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the
21  Underlying Action because of the application of the "Prior Damage or Injury" endorsement
22  contained in the 2002, 2003 and 2004 policies (NAS-KLE-001 (02/02)). This endorsement provides
23  that damages are covered only if they first take place during the policy period.  Damage is deemed
24  to first take place at the earliest when: any damage first becomes known to anyone, when it is alleged
25  any such damage first manifests, when the insured receives notice of a claim for said damages, when
26  the insured and its employees, agents, and representatives knew or should have known the damage
27  had occurred, or when the damage began.  In the Underlying Action, damages occurred and/or were
28  known, and/or were manifest, and/or were claimed prior to inception of the policy.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF                    3:08-cv-01448-EMC

52.    NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

53.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Prior Damage or Injury endorsement.

## NINTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy Duty to Defend -
### Prior Completed Operations Exclusion)

54.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 53, as if fully set forth herein.

55.    Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Prior Completed Operations Exclusion" (form NAS-PCO-001 (11/00) contained in the 2003 policy which provides the insurance does not apply to "property damage" arising out of "your work" performed by you or on your behalf if "your work," other than service, maintenance, correction, repair or replacement of any part of any structure, was completed prior to the policy period." The Kim residence was completed in 1999. Therefore, there is no coverage under the 2003 policy.

56.    NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

57.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of this endorsement.

/ / /

/ / /

/ / /

11

## TENTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy Duty to Indemnify -

### Prior Completed Operations Exclusion)

58.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 57, as if fully set forth herein.

59.    Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Prior Completed Operations Exclusion" (form NAS-PCO-001 (11/00) contained in the 2003 policy which provides the insurance does not apply to "property damage" arising out of "your work" performed by you or on your behalf if "your work," other than service, maintenance, correction, repair or replacement of any part of any structure, was completed prior to the policy period." The Kim residence was completed in 1999. Therefore, there is no coverage under the 2003 policy.

60.    NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

61.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of this endorsement.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Relief - 2003 Policy - Duty to Defend -

### Self-Insured Retention)

62.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 61, as if fully set forth herein.

63.    Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2003 policy (NAC-SIR-CLM (08/02)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

12

1    64.    NAS/NAC is informed and believes that defendants herein are in disagreement with

2    the aforesaid contention and therefore an actual controversy has arisen and now exists between

3    NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this

4    time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

5    65.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

6    person or entity in the Underlying Action because of the application of the Self-Insured Retention.

7    ### TWELFTH CAUSE OF ACTION

8    ### (Declaratory Relief - 2003 Policy - Duty to Indemnify -

9    ### Self-Insured Retention)

10    66.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

11    65, as if fully set forth herein.

12    67.    Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the

13    Underlying Action because of the application of the "Self-Insured Retention" in the 2003 policy

14    (NAC-SIR-CLM (08/02)), which provides that no coverage applies until the insured has satisfied

15    a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments

16    made by the insured." The insured has made no such payments.

17    68.    NAS/NAC is informed and believes that defendants herein are in disagreement with

18    the aforesaid contention and therefore an actual controversy has arisen and now exists between

19    NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this

20    time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

21    69.    NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any

22    person or entity in the Underlying Action because of the application of the Self-Insured Retention.

23    ### THIRTEENTH CAUSE OF ACTION

24    ### (Declaratory Relief - 2004 Policy - Duty to Defend -

25    ### Self-Insured Retention)

26    70.    Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through

27    69, as if fully set forth herein.

28    / / /

13

71.     Plaintiff NAS/NAC contends it has no duty to defend any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2004 policy (NAC-SIR-CLM (04/04)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

72.     NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

73.     NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief - 2004 Policy - Duty to Indemnify -

### Self-Insured Retention)

74.     Plaintiff NAS/NAC realleges and reincorporates by reference Paragraphs 1 through 73, as if fully set forth herein.

75.     Plaintiff NAS/NAC contends it has no duty to indemnify any person or entity in the Underlying Action because of the application of the "Self-Insured Retention" in the 2004 policy (NAC-SIR-CLM (04/04)), which provides that no coverage applies until the insured has satisfied a $10,000 per claim Self-Insured Retention and that the retention may be satisfied only "by payments made by the insured." The insured has made no such payments.

76.     NAS/NAC is informed and believes that defendants herein are in disagreement with the aforesaid contention and therefore an actual controversy has arisen and now exists between NAS/NAC and defendants herein such that a judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and duties under the aforesaid NAS/NAC policy.

77.     NAS/NAC seeks a declaration that it has no duty to defend and/or indemnify any person or entity in the Underlying Action because of the application of the Self-Insured Retention.

/ / /

14

1    WHEREFORE, NAS/NAC prays for judgment against defendants, and each of them, as
2  follows:
3        1.    For declarations as requested in each Cause of Action.
4        2.    For costs of suit incurred herein.
5        3.    And for such other and further relief as the Court deems just and proper.
6  Dated: April 14, 2008                    GRIMM, VRANJES,
                                             McCORMICK & GRAHAM, LLP
7
8                                    By: _____
9                                         A. Carl Yaeckel
                                          Attorney for Plaintiffs NORTH AMERICAN
10                                        SPECIALTY INSURANCE COMPANY and
                                          NORTH   AMERICAN   CAPACITY
11                                        INSURANCE COMPANY
12
13
14
15
16
17
18
19
20
21
22
23
24
25  S:\Cases\2165004\pld\Complaint for Declaratory Relief First Amd.wpd
26
27
28

                                    15

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF              3:08-cv-01448-EMC