1 | **GRIMM, VRANJES, McCORMICK & GRAHAM LLP**
  | A. Carl Yaeckel, Esq. (SBN #89920)
2 | Gregory B. Thomas, Esq.  (SBN #239870)
  | 550 West C Street, Suite 1100
3 | Post Office Box 129012
  | San Diego, CA  92112-9012
4 | TEL:  (619) 231-8802/FAX: (619) 233-6039
  | Attorneys for Plaintiffs NORTH AMERICAN SPECIALTY INSURANCE COMPANY and
5 | NORTH AMERICAN CAPACITY INSURANCE COMPANY

6 | **WILLOUGHBY, STUART & BENING**
  | Ronald J. Cook, Esq.
7 | 50 W. San Fernando Street, Suite 400
  | San Jose, CA 95113
8 | TEL:  408-289-1972/ FAX: 408-295-6375
  | Attorneys for Defendants, FIRST NHD DEVELOPMENT, INC.; MENLO PARK ESTATES; HSIEH
9 | T. HAO; MENLO PARK ESTATES MARKETING, LLC.; SHIAO MEI NAN; and MING C. HAO

10 | **MILLER, STARR & REGALIA**
   | E. David Marks, Esq.
11 | Serena Torvik, Esq.
   | 300 Hamilton Avenue, Third Floor
12 | Palo Alto, California 94301
   | TEL: (650) 463-7800/FAX: (650) 462-1010
13 | Attorneys for Defendants, KENNETH KIM and GRACE KIM

14 |

15 | **UNITED STATES DISTRICT COURT**

16 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| NORTH AMERICAN SPECIALTY ) INSURANCE COMPANY and NORTH ) AMERICAN CAPACITY INSURANCE ) COMPANY, ) | CASE NO: CV 08 1448 (WHA) Judge: Hon. William H. Alsup |
| ) Plaintiffs, ) ) | **JOINT CASE MANAGEMENT STATEMENT** |
| v. ) ) | |
| FIRST NHD DEVELOPMENT, INC., a ) California corporation; MENLO PARK ) ESTATES, a California Limited Partnership; ) MENLO PARK ESTATES MARKETING, ) LLC, a California limited liability company; ) HSIEH T. HAO, an individual; GRACE ) KIM, an individual; KENNETH KIM, an ) individual; MING C. HAO, an individual; ) SHIAO MEI NAN, an individual; and DOES ) 1 through 10, ) ) Defendants. ) | |

28 | ///

1

1    Pursuant to Civil Local Rule 16-9, Plaintiffs, NORTH AMERICAN SPECIALTY

2    INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY, and

3    Defendants, FIRST NHD DEVELOPMENT, INC.; MENLO PARK ESTATES; HSIEH T. HAO;

4    MENLO PARK ESTATES MARKETING, LLC.; SHIAO MEI NAN; MING C. HAO; KENNETH

5    KIM and GRACE KIM, submit the following Joint Case Management Statement.

6    **1.    <u>Jurisdiction and Service:</u>**

7    This Court has subject matter jurisdiction over Plaintiffs' claims and Defendants' potential

8    counterclaims pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states, and

9    because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

10    All parties have appeared.

11    **2.    <u>Facts:</u>**

12    Plaintiffs, NORTH AMERICAN SPECIALTY INSURANCE COMPANY ("NAS") and

13    NORTH AMERICAN CAPACITY INSURANCE COMPANY ("NAC") issued four insurance

14    policies to named insureds FIRST NHD DEVELOPMENT, INC., MENLO PARK ESTATES, and

15    MENLO PARK ESTATES MARKETING, LLC:

16        1.    NAS issued Policy No. BXC0000957-00, for the policy period of July 14,

17            2001 to July 14, 2002, to named insureds FIRST NHD DEVELOPMENT,

18            INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

19            MARKETING, LLC (hereinafter the "2001 POLICY");

20        2.    NAC issued Policy No. BXG0002453-01, for the policy period of July 14,

21            2002 to July 14, 2003, to named insureds FIRST NHD DEVELOPMENT,

22            INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

23            MARKETING, LLC (hereinafter the "2002 POLICY");

24        3.    NAC issued Policy No. BXG0002453-02, for the policy period of July 14,

25            2003 to July 14, 2004, to named insureds FIRST NHD DEVELOPMENT,

26            INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

27            MARKETING, LLC (hereinafter the "2003 POLICY");

28        4.    NAC issued Policy No. BXG0002453-03, for the policy period of July 14,

2

1    2004 to July 14, 2005, to named insureds FIRST NHD DEVELOPMENT,

2    INC., MENLO PARK ESTATES, and MENLO PARK ESTATES

3    MARKETING, LLC (hereinafter the "2004 POLICY").

4    Defendants HSIEH T. HAO, SHIAO MEI NAN and MING C. HAO are employees, officers

5    and/or agents of Defendants MENLO PARK ESTATES and/or MENLO PARK ESTATES

6    MARKETING, LLC. and/or FIRST NHD DEVELOPMENT, INC. (hereinafter collectively referred

7    to as "Builder Defendants").

8    Defendants GRACE and KENNETH KIM purchased a custom home located at at 5 Zachary

9    Court, Menlo Park, California from the Builder Defendants in or about 2002.   KENNETH and

10   GRACE KIM brought an action in the Superior Court of the State of California, County of San Mateo,

11   Case No. CIV 456029 against the Builder Defendants on or about July 3, 2006 ("the underlying

12   action").   The underlying action seeks damages in connection with the construction of the KIMs'

13   residence.  The KIMs are actually the second owners of 5 Zachary Court.  The Builder Defendants

14   originally sold 5 Zachary Court to Brian and Cathy LaPorte.  The home was repurchased from the

15   LaPortes by the Builder Defendants prior to July 14, 2001.

16   NAS/NAC contend that they do not owe the Builder Defendants a duty to defend or a duty to

17   indemnify under the four insurance  policies issued by NAS/NAC in 2001, 2002, 2003 and 2004.

18   NAS/NAC contend that various exclusions and/or endorsements in these insurance policies preclude

19   coverage for the Builder Defendants in the underlying lawsuit.

20   The Defendants here contend that the exclusions and/or endorsements identified by NAS/NAC

21   in their First Amended Complaint, do not preclude coverage in the underlying lawsuit.

22   **3.    Legal Issues:**

23   This is an insurance coverage dispute.   The application of the following exclusions and/or

24   endorsements to the four insurance policies issued by NAS/NAC to the Builder Defendants and their

25   application to NAS/NAC's contractual duties to defend and indemnify the Builder Defendants in the

26   underlying action are the only disputed legal issues:

27   a.    "Limited Subsidence Exclusion" contained in the 2001, 2002 and 2003

28   policies (Form NAS-LLC-001 (07/00));

3

b.    "Land or Soil Movement Exclusion" contained in 2004 policy (Form NAC-LSE-001 (02/02));

c.    "Known Injury or Damage" endorsement (Form CG 00 57 (09/99)), contained in the 2001 policy

d.    "Prior Damage or Injury" endorsement contained in the 2002, 2003 and 2004 policies (NAS-KLE-001 (02/02));

e.    "Prior Completed Operations Exclusion" contained in the 2003 policy (Form NAS-PCO-001 (11/00));

f.    "Self Insured Retention" contained in 2003 policy (NAC-SIR-CLM (08/02));

g.    "Self Insured Retention" contained in the 2004 policy (NAC-SIR-CLM (04/04)).

**4.    Motions:**

The parties anticipate filing motions for summary judgment.  There are no motions currently pending.

**5.    Amendment of Pleadings:**

The parties do not anticipate adding any parties, claims or defenses, or otherwise amend the pleadings.

KENNETH and GRACE KIM may be dismissed from this lawsuit if they agree to be bound by any ruling and/or judgment rendered in this lawsuit.

**6.    Evidence Preservation:**

The parties have taken all necessary steps to preserve relevant evidence to the issues reasonably evident in this action.

**7.    Disclosures:**

Initial disclosures pursuant to FRCP Rule 26 have not yet been made.  The parties stipulate to exchange the information required by FRCP Rule 26 by September 30, 2008.  This date is selected because many of the documents to be produced are privileged until arbitration in the underlying construction defect lawsuit is completed on September 15, 2008.

**8.    Discovery:**

4

1      No discovery has been conducted to date. The parties jointly propose to the Court the

2  following discovery plan:

3      Because this declaratory relief lawsuit seeks an adjudication of whether the four insurance

4  policies issued by NAS/NAC provide coverage in respect to the underlying construction defect

5  lawsuit, much of the evidence relevant to this declaratory relief action will be produced through the

6  initial disclosure process in accordance with FRCP Rule 26(a)(1). Discovery is necessary in the

7  following subjects:

8      (a)    Documents relating to the construction of the custom-built home purchased by

9  Defendants KENNETH and GRACE KIM;

10      (b)    Sale and purchase documents related to the custom-built home purchased by

11  Defendants KENNETH and GRACE KIM;

12      (c)    Repair documents related to the custom-built home purchased by Defendants

13  KENNETH and GRACE KIM;

14      (d)    Warranty claims and files with respect to the custom-built home purchased by

15  Defendants KENNETH and GRACE KIM;

16      (e)    The origin, nature, extent and scope of any land or soil movement and any related

17  damage;

18      (f)    Any and all litigation, claims, discovery, settlement and/or repair efforts and costs

19  arising out of the underlying matter, including but not limited to, all of Defendants KENNETH and

20  GRACE KIM's claims damages;

21      (g)    Any and all litigation, claims, discovery, settlement and/or repair efforts and costs

22  arising out of the *Greenwald v. First NHD Development*, including, but not limited to, all of

23  plaintiff's claimed damages therein.

24      Much of the evidence relevant for this lawsuit consists of evidence potentially subject to one

25  or more privileges in the underlying lawsuit, including materials generated by expert witnesses, such

26  as opinion letters, analysis and cost of repair estimates.  These underlying materials are necessary

27  for this declaratory relief action.

28      Discovery shall be conducted pursuant to Federal Rules of Civil Procedure without

5

1  modification. The parties do not anticipate to exceed the limit on the number of depositions per side

2  or the number of interrogatories. Expert witnesses are required in this matter. The parties may not

3  need to designate expert witnesses if sufficient expert testimony and evidence from the underlying

4  action is available.

5        The parties agree that discovery shall be completed by March 15, 2009.

6        At this time, the parties do not require any Court orders pursuant to FRCP Rule 26(c) or

7  FRCP Rule 16(b) and (c).

8        **9.**    **Class Actions:**

9        Not applicable.

10        **10.**    **Related Cases:**

11        *Kim v. First NHD Development, Inc., et al.*, Superior Court, State of California, County of

12  San Mateo, Case No. CIV 456029; *Greenwald v. First HND Development, Inc., et al.*, Superior

13  Court, State of California, County of San Mateo, Case No. CIV 453300.

14        **11.**    **Relief:**

15        The parties seek a declaration of their respective rights and responsibilities under the four

16  identified insurance policies identified NAS/NAC with respect to the underlying lawsuit.

17        **12.**    **Settlement and ADR:**

18        The parties have stipulated to an Early Neutral Evaluation on or before October 15, 2008.

19  Arbitration in the underlying action is scheduled for September 15, 2008. Additionally, the parties

20  agree to attempt private mediation prior to October 15, 2008, pursuant to ADR Local Rule 3-4(b).

21  If the parties are able to conduct private mediation prior to October 15, 2008, the parties will apprise

22  the Court and request that the Early Neutral Evaluation conference be vacated.

23        **13.**    **Consent to Magistrate Judge for All Purposes:**

24        The parties do not consent to a Magistrate Judge for all purposes. The parties do not consent

25  to have a Magistrate Judge conduct all further proceedings including trial entry of judgment.

26        **14.**    **Other References:**

27        This case is not suitable for reference to binding arbitration, a special master, or the judicial

28  panel on multi-district litigation.

6

**15.    Narrowing of Issues:**

This case is an insurance coverage declaratory relief action. Most of the pertinent facts either have been or are being developed in the underlying lawsuit. However, NAS is hopeful the parties will agree that there is no potential for coverage in the underlying suit as to the last two NAS policies. The parties agree there is no need for bifurcation or other issue narrowing.

**16.    Expedited Schedule:**

Because this is an insurance coverage dispute with a related underlying lawsuit, this is not a case that can be handled on an expedited basis with streamlined procedures. However, NAS believes the case can be handled on an expedited basis once the arbitration is concluded. It is likely NAS will be able to file a dispositive motion at that time. NAS asks the Court for scheduling preference, once the arbitration is concluded.

**17.    Scheduling:**

(a)    Expert Designation: January 15, 2009

(b)    Discovery Cutoff: March 15, 2009

(c)    Last Day for Hearing of Dispositive Motions: May 15, 2009

(d)    Pre-Trial Conference: June 15, 2009

(e)    Trial: July 15, 2009

**18.    Trial:**

This case would be a court trial with an expected length of two days.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

1    19.    **Disclosure of Non-Party Interested Entities or Persons:**

2    The parties have filed certifications of interested entities or persons as required by Civil Local

3    Rule 3-16.

4    Pursuant to Civil Local Rule 3-16, the parties certify that as of the date of the filing of this

5    Joint Case Management Statement, other than the named parties, there is no such interest report.

6    Dated: June 12, 2008                    GRIMM, VRANJES,
                                            McCORMICK & GRAHAM, LLP
7

8                                           By: _____
                                            A. Carl Yaeckel
9                                           Gregory R. Thomas
                                            Attorney for Plaintiffs NORTH AMERICAN
10                                          SPECIALTY INSURANCE COMPANY and
                                            NORTH AMERICAN CAPACITY INSURANCE
11                                          COMPANY

12   Dated: June 12, 2008                   WILLOUGHBY, STUART & BENING

13

14                                          By: _____
                                            Ronald J. Cook, Esq.
15                                          Attorneys for Defendants, FIRST NHD
                                            DEVELOPMENT, INC.; MENLO ESTATES;
                                            HSIEH T. HAO; MENLO PARK ESTATES
16                                          MARKETING, LLC.; SHIAO MEI NAN; and
                                            MING C. HAU

17   Dated: June 12, 2008                   MILLER STARR & REGALIA

18

19                                          By: _____
                                            E. David Marks, Esq.
20                                          Serena Torvik, Esq.
                                            Attorneys for Defendants,
21                                          KENNETH KIM and GRACE KIM

22

23

24

25

26

27   S:\Cases\2165004\pld\joint cms 03.wpd

28                                          8

JOINT CASE MANAGEMENT STATEMENT
CV 08 1448 (WHA)

GRIMM, VRANJES, McCORMICK & GRAHAM LLP
550 West C Street, Suite 1100
San Diego, California 92101
TEL: (619) 231-8802; FAX: (619) 233-6039

Attorneys for Plaintiffs, NORTH AMERICAN SPECIALTY INSURANCE COMPANY and
NORTH AMERICAN CAPACITY INSURANCE COMPANY

Judge: Hon. William H. Alsup  Case No. CV 08 1448 (WHA)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

## DECLARATION OF SERVICE
## VIA PACER / ECF

I declare that I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 550 West C Street, Suite 1100, San Diego, California 92101. I caused to be served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT;**

by providing a true and correct copy of the aforementioned document(s) on the interested parties in this action identified as follows by the means designated below:

| | |
|---|---|
| **WILLOUGHBY, STUART & BENING**<br>Ronald J. Cook, Esq.<br>50 W. San Fernando Street, Suite 400<br>San Jose, CA 95113<br>TEL: 408-289-1972/FAX: 408-295-6375<br>Attorneys for Defendants, **FIRST NHD DEVELOPMENT, INC.; MENLO PARK ESTATES; HSIEH T. HAO; MENLO PARK ESTATES MARKETING, LLC.; SHIAO MEI NAN; and MING C. HAO** | **MILLER, STARR & REGALIA**<br>E. David Marks, Esq.<br>Serena Torvik, Esq.<br>300 Hamilton Avenue, Third Floor<br>Palo Alto, California 94301<br>TEL: (650) 463-7800/FAX: (650) 462-1010<br>Attorneys for Defendants, **KENNETH KIM and GRACE KIM** |

 **X**   **By Electronic Transfer:**
On designated recipients through electronic transmission through the Electronic Case Filing (ECF) system. Upon completion of said transmission of said document(s), a certified receipt is issued to filing party acknowledging receipt by ECF's system. Once ECF has served all designated recipients, proof of electronic service is returned to the filing party.

_____ **By Certified Mail (Return Receipt Requested)**
The documents were placed in sealed, addressed envelopes on the below date, with the Certified Mail, Return Receipt Requested forms attached with first class postage thereon fully prepaid in the United States Post Office at San Diego, California, addressed as set forth on the electronic service list appearing on Pacer/ECF.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2008, at San Diego, California.

/s/ E. M. White

_____
E.M. White